## .UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**KAITLYN JOHNSON**                                       **CIVIL ACTION**

**VERSUS**                                                **NO. 20-1851**

**PRIME INSURANCE COMPANY ET AL.**                        **SECTION: "G"(1)**

## <u>ORDER</u>

This action arises out of a motor-vehicle collision in New Orleans, Louisiana.[1] On April 27, 2020, Plaintiff Kaitlyn Johnson ("Plaintiff") originally filed this action against Defendants Anteneh Minwalulet, Transhorn Trucking LLC, and Prime Insurance Company (collectively, "Defendants") in the Civil District Court for the Parish of Orleans.[2]

On July 1, 2020, Defendant Prime Insurance Company removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] On July 2, 2020, upon review of this matter, the Court noticed that it may not have subject matter jurisdiction over this case.[4] The Court addressed the jurisdiction issue *sua sponte* because "subject matter delineations must be policed by the courts on their own initiative."[5]

As this Court explained on July 2, 2020,[6] a defendant may remove a civil action filed in

---

[1] Rec. Doc. 2-1.

[2] *Id.*

[3] Rec. Doc. 2.

[4] Rec. Doc. 6 at 1.

[5] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). A "party may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[6] Rec. Doc. 6.

state court if the federal court has original jurisdiction over the action.[7] The removing party bears the burden of demonstrating that federal jurisdiction exists.[8] Under Fifth Circuit precedent, a removing defendant's burden of showing that the amount in controversy supports federal jurisdiction differs depending on whether a petition alleges a specific amount of monetary damages.[9] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[10] On the other hand, when the plaintiff pleads damages that do not exceed the jurisdictional amount, that figure will control and thus prohibit removal.[11] "Thus, in the typical diversity case, the plaintiff remains the master of [the] complaint."[12]

Yet Louisiana law generally does not allow a plaintiff to plead a specific amount of damages.[13] When, as here, the plaintiff alleges an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[14] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that

---

[7] *See* 28 U.S.C. § 1441(a). "[R]emoval statute[s] should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[8] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[9] *Id.*

[10] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[11] *Id.*

[12] *Id.*

[13] *See* La. Code Civ. P. art. 893.

[14] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

support a finding of the requisite amount."[15]

In this case, the Court previously found that Plaintiff's alleged damages do not exceed $75,000 on the face of the Petition.[16] Therefore, the Court issued a jurisdictional briefing order requiring "Defendants [to] submit summary-judgment-type evidence regarding the amount in controversy to the Court by July 15, 2020."[17] Defendants did not submit any summary-judgment-type evidence regarding the amount in controversy on or before July 15, 2020. For that reason, Defendants failed to meet their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 27th day of July, 2020.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Indeed, the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See id.*

[16] Rec. Doc. 6 at 3.

[17] *Id.* at 4.